UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CHESTER LEE HOBBS, JR.,           )
                                  )
            Petitioner,           )
                                  )
v.                                )   Case No. 16-CV-0725-CVE-PJC
                                  )
SCOTT CROW, Director,[1]          )
                                  )
            Respondent.           )

### OPINION AND ORDER

Now before the Court is petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). For the reasons below, the petition will be denied.

### I.

This cases arises from petitioner's methamphetamine convictions. Oklahoma state troopers discovered the drugs, along with a firearm and digital scales, after petitioner was racing a vehicle in Tulsa, Oklahoma on May 27, 2013. See Dkt. # 13-1, at 7; see also Dkt. # 14-2, at 129, 139. Trooper Callicoat determined that the registration sticker was fake and impounded the vehicle. See Dkt. # 14-2, at 133. The troopers questioned petitioner at the scene, and he admitted to owning the gun, scales, and methamphetamine. Id. at 139. Petitioner later argued that the admission was involuntary, and that he only made the statement to protect his girlfriend, who was on probation. See Dkt. # 1, at 7.

---

[1] Petitioner is incarcerated at the Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. See Dkt. # 1, at 1. Scott Crow, Director of the Oklahoma Department of Corrections, is therefore substituted in place of Joe Allbaugh as party respondent. See Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

The State charged petitioner with, inter alia: (count A) trafficking in illegal drugs, OKLA. STAT. tit. 63, § 2-415; (count B) possession of controlled drugs without a tax stamp, OKLA. STAT. tit. 68, § 450.1; (count C) driving under the influence of drugs, OKLA. STAT. tit. 47, § 11-902(A)(3); and (count D) felon in possession of a firearm, OKLA. STAT. tit. 21, § 1283. See Dkt. # 14-6, at 38-39; see also Dkt. # 14-5, at 2.[2] After a four-day trial, the jury convicted petitioner of counts A, B, and D and acquitted him of driving under the influence. See Dkt. # 14-3, at 99-100, 111. The state court sentenced petitioner to 40 years imprisonment on count A (trafficking), to run concurrently with a 10-year sentence on count B (tax stamp). See Dkt. # 14-5, at 4. The state court also imposed a consecutive 10-year sentence on Count D (felon in possession), for a total term of 50 years imprisonment. Id.

Petitioner perfected a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 13-1. By a summary opinion entered December 23, 2015, the OCCA affirmed. See Dkt. # 13-3. Petitioner filed the instant § 2254 petition (Dkt. # 1) on December 1, 2016. He raises two propositions of error:

(Ground 1): The state court's answer to a jury note rendered the trial fundamentally unfair;

(Ground 2): Ineffective assistance of counsel.

See Dkt. # 1, at 2.

Respondent filed an answer (Dkt. # 13), along with copies of the state court record (Dkt. # 14). Respondent concedes, and the Court finds, that petitioner timely filed his federal habeas petition and exhausted state remedies as to the above claims. See Dkt. # 13, at 3, 12, and 19; see also

---

[2] The original Information identified each count by number, but the parties used letters at trial. The Court will use letters to accurately reflect the outcome of each charge.

28 U.S.C. §§ 2244(d), 2254(b)(1)(A). However, respondent contends that both claims fail on the merits. The matter is fully briefed and ready for review.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. See 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, because the OCCA already adjudicated petitioner's claims, this Court may not grant habeas relief unless he demonstrates that the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[3] (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," id.; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, id. at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess

---

[3] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)); see also House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." Id. (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." Id. Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the state court's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," Harrington v. Richter, 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

**A. Due Process Violation (Ground 1)**

In Ground 1, petitioner raises a due process violation based on the state court's answer to a jury question. During deliberations, the jury asked: "Will the sentences be consecutive or concurrent?" Dkt. # 13-6, at 1. The state court responded: "You have all of the instructions you need." Id. Petitioner argues that the state court should have telegraphed its intentions regarding sentencing, or at least explained that it retained discretion to impose consecutive or concurrent sentences. See Dkt. # 1, at 10-11. According to petitioner, the state court's answer was particularly

4

unfair because prospective juror Kallam - who was not selected - recounted a story during voir dire about a man who was supposed to serve 20 years but only served 18 months. Id. at 10. Petitioner believes that this story convinced the remaining jurors that he would only serve a tiny fraction of the sentence. Id. Petitioner further argues that the jury was predisposed to recommend a lengthy sentence because: (1) the prosecutor stated during closing argument that petitioner possessed "200 times the average street dose" of methamphetamine; and (2) Tulsa County courts rarely exercise discretion to order concurrent sentences. Id. at 10-11.

The OCCA rejected these arguments, finding that the state court correctly answered the jury's question under Oklahoma precedent. See Dkt. # 13-3, at 2 (citing Trice v. State, 853 P.2d 203, 217-218 (Okla. Crim. App. 1993)). The OCCA also observed: "Neither the voir dire nor the trial court's response to jury question created plain error, as [petitioner's] sentence was not imputed by either procedure." Dkt. # 13-3, at 3.

Like Oklahoma courts, federal courts have considerable discretion in responding to jury questions. See United States v. Olea-Monarez, 908 F.3d 636, 640 (10th Cir. 2018); United States v. Frias, 893 F.3d 1268, 1275 (10th Cir. 2018). To challenge a discretionary decision based on due process principles, petitioner must show that "because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quotations omitted). Habeas courts must "approach the fundamental fairness analysis with considerable self-restraint." Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

5

The Court finds nothing shocking or unfair about the answer to the jury's note. There is no federal precedent requiring courts to select a sentence before the verdict or to speculate for the benefit of the jury. It does not appear such speculation would even have been possible in this case. The record reflects that the state court settled on two concurrent sentences, with one consecutive sentence, as an apparent compromise based on the arguments at the sentencing hearing. See Dkt. # 14-5, at 2-5. Defense counsel requested a split sentence, or for all sentences to run concurrently (for a total term of 40 years), and the prosecutor asked that all sentences run consecutively (60 years). Id. The state court sentenced petitioner to a total term of 50 years imprisonment. Id. at 4.

Moreover, petitioner has not demonstrated that the state court should have answered the jury's question differently based on comments during voir dire and closing argument. The prosecutor's comment that petitioner possessed "200 times the average street dose" of methamphetamine was properly based on the evidence at trial. See Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2005) (prosecutor's comments are proper when based on reasonable inferences drawn from the evidence presented at trial). Prospective juror Kallam's comment that the man who molested her daughter served only 18 months of his 20 year sentence is similarly benign. See Dkt. # 14-2, at 52. Kallam was not selected for the jury, and her comments served the purpose of voir dire, which is to expose potential impartiality about the justice system. Id. at 115; see also Pena-Rodriguez v. Colorado, 137 S. Ct. 855, 866 (2017). Finally, petitioner's argument that the state court should have telegraphed that Tulsa County courts rarely, if ever, run sentences concurrently is unsupported by the record. The Court finds no fundamental unfairness, and Ground 1, therefore, fails.

**B. Ineffective Assistance of Counsel (Ground 2)**

Petitioner next argues that trial counsel rendered ineffective assistance. Specifically, petitioner contends that trial counsel: (1) failed to challenge the admission of petitioner's confession; (2) failed to challenge the search of petitioner's vehicle; (3) had a conflict over whether to enter a plea, and improperly waived the preliminary hearing; (4) failed to seek a mistrial following prospective juror Kallam's comments; (5) failed to object to the state court's answer to the jury's question; and (6) gave brief opening and closing statements. See Dkt. # 1, at 12-14.

The OCCA considered and rejected this claim on direct appeal. See Dkt. # 13-3. Although the OCCA did not specifically cite Strickland v. Washington, 466 U.S. 668 (1984), the ruling relied on Oklahoma authority that incorporates Strickland's ineffective-assistance test. Id. at 3-4; see also Miller v. State, 29 P.3d 1077, 1086 (Okla. Crim. App. 2001) (discussing Strickland in depth). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. 466 U.S. at 687. To satisfy the second prong, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hobdy v. Raemisch, 916 F.3d 863 (10th Cir. 2019) (quotations omitted). The OCCA analyzed petitioner's claims separately, which will be discussed below.

(i). Failure to Challenge the Search or Confession

Petitioner primarily argues that trial counsel should have challenged the search of his vehicle and the voluntariness of his confession. The OCCA rejected these arguments, noting that a confession is voluntary where it is "the product of an essentially free and unconstrained choice by its maker." Dkt. # 13-3, at 4. "Considering the totality of the circumstances," the OCCA found that

7

petitioner "was not prejudiced by counsel's failure to" challenge the confession. Id. As to the failure to challenge the vehicle search, the OCCA concluded that trial counsel acted "reasonably, diligently, skillfully, and with competent judgment." Id.

Viewing the decision with double deference, Knowles v. Mirzayance, 556 U.S. 111, 123 (2009), the Court agrees. The record reflects that Trooper Callicoat observed petitioner drag racing late at night, and that the passengers exhibited suspicious behavior following the stop. See Dkt. # 14-2, at 130-33. According to Callicoat, petitioner tried to exit the car very quickly before Callicoat could approach; the registration sticker was fake; and petitioner was driving with a suspended license. Id. These facts, taken together, support the conclusion that petitioner was engaging in criminal activity within the vehicle, and that the troopers had a right to impound and inventory the vehicle. See California v. Acevedo, 500 U.S. 565, 580 (1991) (officers can search a vehicle without a warrant when they have probable cause to believe it contains evidence of a specific criminal activity); United States v. Tueller, 349 F.3d 1239, 1243 (10th Cir. 2003) (an inventory search of a lawfully impounded vehicle is reasonable even if it is conducted without a warrant and in the absence of probable cause). Petitioner, therefore, has not shown a reasonable probability that trial counsel could have successfully challenged the search.

The record also supports the conclusion that petitioner's confession was voluntary and therefore, counsel was not required to demand a hearing under Jackson v. Denno, 378 U.S. 368 (1964). Trooper Callicoat testified that he issued Miranda warnings[4] to all four passengers after drugs were discovered in the vehicle. See Dkt. # 14-2, at 135. Petitioner purportedly confirmed that he understood his rights and claimed ownership of the drugs, firearm, and scales. Id. at 139.

---

[4] Such warnings refer to Miranda v. Arizona, 348 U.S. 437 (1966).

Trooper Hall testified that petitioner made the same confession to Hall, with no coercion or pressing. See Dkt. # 14-3, at 10. Petitioner now contends that he was too intoxicated to understand his rights, but this argument has little or no support in the record. Callicoat testified that, while petitioner appeared to be using drugs, he remained rational and seemed to understand the entire exchange. See Dkt. # 14-2, at 135. Hall testified that petitioner did not exhibit any indicia of intoxication. See Dkt. # 14-3, at 8. On this record, the Court cannot find error or prejudice stemming from the failure to challenge petitioner's confession.

### (ii). Conflict of Interest and Waiver of Preliminary Hearing

Petitioner also argues that he and his trial counsel were at odds. See Dkt. # 1, at 12-13. Counsel allegedly refused to listen to petitioner's side of the story; reported that petitioner "refused to focus on the issues at hand;" recommended a plea; inappropriately waived the preliminary hearing; and directed jail officials to handcuff petitioner before their meetings. Id. When petitioner raised the argument, the state court purportedly gave petitioner the option of proceeding pro se, which he rejected. Id. The OCCA found no violation, and noted that attorney Brian Martin was appointed after a different public offender had withdrawn due to a conflict. See Dkt. # 13-3, at 3. The OCCA further observed that a defendant "does not have an unfettered right to his . . . choice of counsel," and found that, at most, petitioner raised the "mere appearance or possibility of a conflict." Id.

The Court agrees that petitioner has not established a Sixth Amendment violation, under the double-deference standard. The record suggests that the waiver of the preliminary hearing resulted in a favorable plea offer: 18 years imprisonment for all charges. See Dkt. # 14-1, at 3. The range of punishment for petitioner's charges was 8 years to life imprisonment. Id. at 4. As discussed above, petitioner confessed to the crime, and he had few, if any, viable defenses. The Court

therefore cannot find a conflict based on trial counsel's repeated urging that petitioner "focus" on the plea and the confession, rather than petitioner's side of the story. See United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997) ("effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered"). The fact that trial counsel wished to meet while petitioner was handcuffed also does not demonstrate that counsel was "actively representing conflicting interests." Strickland, 466 U.S. at 692.

   (iii). Remaining Propositions of Error

Petitioner finally argues that trial counsel failed to seek a mistrial following Kallam's comments; failed to object to the state court's answer to the jury's question; and gave brief opening and closing statements. See Dkt. # 1, at 12-14. Although petitioner presented these arguments in his appellate brief, the OCCA did not specifically remark on them in its ruling. See Dkt. # 13-1, at 21; see also Dkt. # 13-3. However, because the OCCA broadly found that trial counsel acted "reasonably, diligently, skillfully, and with competent judgment," Dkt. # 13-3, at 4, the Court will presume that the claims were adjudicated on the merits and afford AEDPA deference. Harrington v. Richter, 562 U.S. 86, 99(2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

For the reasons discussed above, the state court appropriately answered the jury's question, and Kallam's comment during voir dire was not grounds for a mistrial. See Supra, § A. Further, petitioner's allegations that trial counsel was not "zealous" and gave brief opening and closing statements are too conclusory to demonstrate a Sixth Amendment violation. Petitioner's ineffective-

assistance claims, therefore, fail.  Habeas relief is unavailable on Ground 2, and the petition (Dkt. # 1) must be denied.

## III.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For the reasons discussed above, petitioner has not made the requisite showing on any of his claims.  The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk shall substitute Scott Crow in place of Joe Allbaugh as respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied.**

3. A certificate of appealability is **denied**.

4. A separate judgment will be entered herewith.

**DATED** this 6th day of January, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE